UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JERRION A. LOCKETT, | ) |
| Movant, | ) |
| v. | ) No. 4:21-CV-1262 RLW |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on letter dated November 10, 2021 (ECF No. 4), filed by self-represented movant Jerrion A. Lockett that the Court construes as a motion. Movant seeks an unspecified amount of additional time to comply with this Court's October 21, 2021 order directing him to file an amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. To the extent movant seeks such relief, the motion will be granted. Movant also writes: "Can you appoint me an attorney that will help me. 'Please & Thank you.'" *Id.* To the extent movant seeks the appointment of counsel at this time, the motion will be denied without prejudice.

There is no constitutional or statutory right to appointed counsel in proceedings such as these. *See Pennsylvania v. Finley*, 481 U.S. 551 (1987). Instead, courts may appoint counsel if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). *See also* 28 U.S.C. § 2255(g). If a court conducts an evidentiary hearing, the interests of justice require the appointment of an attorney to represent a movant who qualifies to have counsel appointed under 18 U.S.C. § 3006A. Rule 8(c), Rules Governing Section 2255 Proceedings for the United States District Courts. If an evidentiary hearing is not conducted, the appointment of counsel is discretionary. *Hoggard v. Purkett,* 29 F.3d 469, 471 (8th Cir. 1994). In exercising such discretion, courts

should first determine whether the movant has presented a non-frivolous claim for relief, and if he has, should then consider factors such as the legal and factual complexity of the case, the movant's ability to investigate and present his claims, and other relevant factors. *See McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997).

In this case, the interests of justice do not require the appointment of counsel at this time. Movant has yet to file an amended § 2255 motion that states a non-frivolous claim for relief, *see id.*, and courts generally do not appoint counsel to assist inmates with investigating or commencing actions. *United States v. Hessman*, 2008 WL 656507 (N.D. Iowa Mar. 11, 2008). The denial of movant's request for counsel is without prejudice. The Court will consider a future motion for the appointment of counsel, if appropriate, as this case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that movant's letter to the Court, construed as a motion, is **GRANTED** to the extent he seeks additional time to comply with this Court's October 21, 2021 order to file an amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, and **DENIED without prejudice** as to the appointment of counsel.  (ECF No. 4)

**IT IS FURTHER ORDERED** that movant shall have until **December 20, 2021**, to comply with this Court's October 21, 2021 order to file an amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence on the Court-provided form.

**Movant's failure to timely file an amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence may result in the dismissal of this case, without prejudice and without further notice.**

*/s/ Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 19th day of November, 2021.