## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| JERRION A. LOCKETT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:21 CV 1262 CDP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## <u>MEMORANDUM AND ORDER</u>

This matter is before me[1] on the Motion to Vacate, Set Aside or Correct

Sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Jerrion Lockett.  Lockett

was charged by Indictment with one count of distribution of fentanyl and one count

of possession with intent to distribute marijuana, both in violation of 21 U.S.C. §

841(a).  Criminal Case No. 4:20 CR 69 CDP.

On March 26, 2021, Lockett pled guilty to one count of distribution of

fentanyl.[2]  ECF 43 in Criminal Case No. 4:20 CR 69 CDP.  Under the terms of the

guilty plea agreement ("Agreement"), either party could ask for a sentence above

or below the U.S. Sentencing Guidelines Range.  The Agreement set out the

---

[1] This case was recently reassigned to me.  The Honorable Ronnie L. White took Lockett's guilty plea and sentenced him.

[2] In accordance with the terms of the plea agreement, Count II of the Indictment was dismissed by the government at sentencing.  ECF 87 at 15 in Criminal Case No. 4:20 CR 69 CDP.

maximum statutory penalty for the crime. ECF 43 at ¶ 5 in Criminal Case No. 4:20 CR 69 CDP ("Defendant fully understands that the maximum possible penalty provided by law for the crime to which Defendant is pleading guilty is imprisonment of not more than twenty years, a fine of not more than $1,000,000, or both such imprisonment and fine."). The Agreement also set out some estimates regarding the sentencing guidelines and, in particular, stated as follows:

> **Estimated Total Offense Level:** The parties agree that the Total Offense Level for Count One is 12, unless defendant is a Career Offender. Depending on the underlying offense and defendant's criminal history, defendant could be a Career Offender pursuant to Section 4B1.1. If the Court finds defendant is a Career Offender, the Total Offense Level may be higher and the Criminal History Category may be as high as Category VI. Defendant has discussed these possibilities with defense counsel. Both parties reserve the right to argue that Defendant is or is not a Career Offender. *It is the position of the United States that Defendant is a Career Offender.*

ECF 43 at ¶ 6 (C) in Criminal Case No. 4:20 CR 69 CDP. (emphasis added).

Under the terms of the Agreement, Lockett agreed to "waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea." ECF 43 at ¶ 7(A) in Criminal Case No. 4:20 CR 69 CDP. And Lockett agreed in relevant part that, "[i]n the event the Court accepts the plea and, after determining a Sentencing Guidelines range, sentences Defendant within or below that range, then, as part of this agreement, Defendant hereby waives all rights to appeal all sentencing issues other than Criminal History." *Id.* Lockett also agreed to "waive all rights to

contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel." *Id.* at ¶ 7(B).

During the change of plea hearing, Lockett confirmed under oath that he was satisfied with the representation he received from defense counsel, that there was nothing he felt counsel should have done but did not do in the course of representing him, that he understood the consequences of pleading guilty, and that he had reviewed and understood the Agreement. ECF 85 at 6-9 in Criminal Case No. 4:20 CR 69 CDP. Lockett confirmed that he understood the statutory range of punishment. *Id.* at 14. Lockett further confirmed that there were "no promises made to [him] or agreements entered into by you related to your guilty plea that aren't written down in this document [the plea]." *Id.* at 9. When discussing the sentencing guidelines, Lockett's counsel stated: "Obviously, the Defendant is aware that based upon criminal history, he may be subject to being a Career Offender, and we reserve that particular right to challenge that, and both parties reserve the right to argue whether he is or is not a Career Offender." *Id.* at 15. Finally, Lockett confirmed that his waiver of appellate and post-conviction rights as set out in the Agreement. *Id.* at 16-17.

Lockett's sentencing was set for July 9, 2021. ECF 42 in Criminal Case No. 4:20 CR 69 CDP. The Presentence Investigation Report prepared for Lockett's

sentencing determined that Lockett was a career offender as he had a prior felony conviction for both a crime of violence (Robbery First) and a controlled substance offense (Unlawful Delivery of Cannabis).  ECF 48, 61 in Criminal Case No. 4:20 CR 69 CDP.   Lockett's applicable sentencing guidelines range was therefore 151 to 188 months.  *Id.*

The government noticed up one witness on July 20, 2021, for the sentencing hearing.  ECF 56 in Criminal Case No. 4:20 CR 69 CDP.  The witness was federal DEA Task Force Officer Josiah Merritt, who was prepared to testify to Lockett's other drug dealing activities, specifically with regard to the fentanyl overdose death of victim D.F.  This investigation was disclosed to Lockett during discovery, although the government provided additional materials in advance of sentencing.

Lockett then asked for a continuance of the sentencing hearing, which was granted by the Court.  ECF 64, 65 in Criminal Case No. 4:20 CR 69 CDP. Lockett's sentencing was reset for September 16, 2021.  ECF 65 in Criminal Case No. 4:20 CR 69 CDP.   On September 14, 2021, Lockett filed a notice of joint sentencing recommendation, which stated that the parties would seek a sentence within 120 months to 188 months.  ECF 72 in Criminal Case No. 4:20 CR 69 CDP. The government then filed a notice stating that, in light of the joint recommended sentencing range, it would not call a witness at sentencing.  ECF 74 in Criminal Case No. 4:20 CR 69 CDP.

Lockett was sentenced on September 16, 2021.  ECF 76, 87 in Criminal Case No. 4:20 CR 69 CDP.   The government did not call any witnesses or present any evidence regarding the overdose death of victim D.F.  Neither party objected to the factual accuracy of the PSR or the application of the sentencing guidelines. ECF 87 at 3 in Criminal Case No. 4:20 CR 69 CDP.  Lockett requested a below-guidelines sentence of 120 months.  *Id.* at 8.  The government requested that Lockett be sentenced within the sentencing guidelines range.  *Id.* at 11.  After consideration of all appropriate sentencing factors, the Court sentenced Lockett to 144 months, a downward variance from the low end of the guidelines range of 151 months).  *Id.* at 13.

Lockett did not appeal.

Less than one month later, Lockett filed the instant motion.  ECF 1.  Lockett filed an amended motion on February 10, 2022, at the direction of the Court.  ECF 5, 6, 7.  He raises the following claims:

(1) He was excessively and wrongly sentenced as a career offender;

(2)  There was prosecutorial misconduct related to Lockett's sentencing; and

(3)  Counsel was ineffective in the following ways:

    a) She did not file motions, "look into caselaw," or "challenge anything that I told her was incorrect" in the PSR;

    b) She "let him" get sentenced as a career offender;

    c) She refused to file a direct appeal after being asked to do so by Lockett and told him he could get more time if he appealed;

    d) She did not "fight the forfeiture allegation that I didn't agree with"; and

    e) She did not inform the Court that Lockett "signed a plea agreement for 21-27 months."

All of Lockett's claims are meritless and will be denied without an evidentiary hearing except for his claim that counsel refused to file a direct appeal despite being asked to do so by Lockett (Ground 3(c)), which will be set for asn evidentiary hearing.

## Discussion

### A. Need for Evidentiary Hearing

"A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and the records of the case conclusively show that [he] is entitled to no relief." *Holder v. United States*, 721 F.3d 979, 993 (8th Cir. 2013) (cleaned up). "No hearing is required where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Id.* (cleaned up). In conducting this inquiry, courts may dismiss allegations that "are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Ford v. United States*, 917 F.3d 1015, 1026 (8th Cir. 2019) (cleaned up).

Lockett's claim that his attorney refused to file a direct appeal on his behalf despite being asked to do so (Ground 3(c)) must be resolved following an evidentiary hearing. However, the remaining claims are conclusively refuted by the record and are denied without an evidentiary hearing as follows.

### B. Standard for § 2255 Relief

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255; *Watson v. United States,* 493 F.3d 960, 963 (8th Cir.2007) ("Under 28 U.S.C. § 2255 a defendant in federal custody may seek postconviction relief on the ground that his sentence was imposed in the absence of jurisdiction or in violation of the Constitution or laws of the United States, was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."). A § 2255 motion "is intended to afford federal prisoners a remedy identical in scope to federal habeas corpus." *United States v. Wilson,* 997 F.2d 429, 431 (8th Cir.1993) (cleaned up).

## Ground 1 Is Procedurally Defaulted and Meritless

A § 2255 motion cannot substitute as an appeal and "is not available to correct errors which could have been raised at trial or on direct appeal." *Ramey v. United States,* 8 F.3d 1313, 1314 (8th Cir. 1993) (cleaned up).  In his first claim for post-conviction relief, Lockett claims that he should not have been sentenced as a career offender because one of his two predicate convictions was for delivery of cannabis and marijuana has now been decriminalized in his state of conviction (Illinois).[3]  Lockett did not object to his classification as a career offender at sentencing or raise this claim to the Eighth Circuit Court of Appeals on direct appeal, and his failure to do so constitutes a procedural default of this claim. "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." *Bousley v. United States,* 523 U.S. 614, 622 (1998) (cleaned up).  Even if  Lockett could avoid the procedural default of this claim, however, it fails on the merits.

Courts look at the law at the time of the offense to determine if a prior conviction qualifies as a "felony drug offense" for purposes of determining career

---

[3] Lockett does not contest – nor could he – that his prior conviction for robbery in the first degree was properly considered a crime of violence for purposes of determining his career offender status.  *See United States v. Shine*, 910 F.3d 1061, 1063 (8th Cir. 2018) (holding that "first-degree robbery under Missouri law is a crime of violence.") (cleaned up).

offender status.[4]  *See United States v. Gordon*, -- F.4 th --, 2024 WL 3643639, at *2 (8th Cir. Aug. 5, 2024); *see also United States v. Bailey*, 37 F.4th 467, 470 (8th Cir. 2022) ("We may not look to current state law to define a previous offense.") (cleaned up); *United States v. Jackson*, 2022 WL 303231, at *2 (8th Cir. Feb. 2, 2022) (citing *United States v. Santillan*, 944 F.3d 731, 733 (8th Cir. 2019) ("a prior conviction qualifies as a 'felony drug offense' if it was punishable as a felony at the time of conviction.").  Lockett was convicted of an offense under state law, punishable[5] by a term of imprisonment of more than one year, that prohibits the distribution of possession with intent to distribute a controlled substance, *i.e.*, marijuana.  The Eighth Circuit has held that marijuana convictions are still predicate crimes for career offender status, regardless of changes in state law related to the definition of marijuana.[6]  *See Gordon,* 2024 WL 3643639, at *2.

For these reasons, Ground 1 of Lockett's § 2255 motion is denied.

---

[4] A career offender is one who has previously been convicted of two or more prior felonies, each of which is a crime of violence or a certain controlled substance offense. *See* 28 U.S.C. 994(h); *see also* U.S.S.G. § 4B1.1(a). Section 4B1.2(b) of the United States Sentencing Guidelines defines "controlled substance offense" as an "offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the distribution or possession with intent to distribute a controlled substance." (cleaned up).

[5] The crime only need be *punishable* by a term of imprisonment for more than one year to qualify.  Thus, it is irrelevant whether Lockett was a*ctually punished,* i.e., sentenced, to a term exceeding one year.

[6] The government argues that there has been no change in state law respecting Lockett's conviction, because possession with intent to deliver or delivery of marijuana in excess of 30 grams is still a felony offense in Illinois.  *See* 720 Ill. Comp. Stat. Ann. 550/5 (d).

## Ground 2 Is Meritless

In Ground 2, Lockett argues that the government committed prosecutorial misconduct or vindictive prosecution by noticing up a witness "he had never heard of" to testify about uncharged criminal conduct unless he agreed to argue for a sentence between 120 and 188 months.

"In order to prevail on a claim of prosecutorial misconduct, a defendant must show that the prosecution's conduct was improper and that this improper conduct prejudicially affected the defendant's substantial rights." *United States v. Tyler*, 652 Fed. Appx. 488, 490 (8th Cir. 2016) (citing *United States v. Wilkens*, 742 F.3d 354, 361 (8th Cir. 2014)).  Here, Lockett's claim fails because he does not allege that the prosecutor did anything improper, as calling a witness to testify at sentencing is expressly permitted by statute, *see* 18 U.S.C. § 3661, and by the Court's Sentencing Order.  ECF 45 at 2 in Criminal Case No. 4:20 CR 69 CDP. As such, notifying the Court of an intent to call a witness at sentencing cannot form the basis for a prosecutorial misconduct claim.

It appears that Lockett is really arguing that the government should not have been allowed to notice up its intent to present testimony about uncharged criminal conduct at sentencing.  Once again, however, this claim fails because the government did not act improperly by announcing an intent to present this type of evidence at sentencing.  The Court is permitted to consider uncharged conduct

when fashioning an appropriate sentence.  *See* United States Sentencing Guidelines § 6A1.3(a) (2020) ("[T]he court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy."); *United States v. Ingram*, 91 F.4th 1271, 1274 (8th Cir. 2024) (district courts may rely on uncharged conduct in fashioning a reasonable sentence) (cleaned up).

In this case, of course, the Court never considered the evidence of uncharged conduct when determining Lockett's sentence because the government never presented it.  That was because Lockett chose to agree to the joint stipulation regarding the recommended sentencing range, thereby obviating the need for the government to call its witness.  Of course the parties could have proceeded under the original plea agreement, which permitted both parties to ask for any sentence, above or below the guidelines, and would have permitted the government to present its evidence of uncharged conduct.  ECF 43 at 2 in Criminal Case No. 4:20 CR 69 CDP.  The Court can find no improper motive in the negotiations of the parties which resulted in the joint stipulation of recommended sentencing range and the subsequent withdrawal of the government's witness.

Nor has Lockett shown any resulting prejudice, as the benefits of entering into the joint stipulation likely far outweighed any potential disadvantages, precisely because it prevented the Court from considering otherwise admissible

evidence of uncharged conduct which could have resulted in a higher sentence. Given that Lockett was still allowed to request (and in fact received) a downward variance from the guidelines, his claim of prosecutorial misconduct fails because he cannot show that any of his substantial rights were prejudicially affected. Ground 2 of Lockett's § 2255 motion is denied.

## Grounds 3(a), (b), (d), and (e) Are Meritless

In his final ground for relief, Lockett claims that his attorney rendered ineffective assistance of counsel. The Sixth Amendment establishes the right of the criminally accused to the effective assistance of counsel. *Strickland v. Washington,* 466 U.S. 668, 686 (1984). To state a claim for ineffective assistance of counsel, Lockett must prove two elements. First, he "must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Id.* at 687. When evaluating performance, "judicial scrutiny must be highly deferential." *Id.* at 689 (cleaned up). The courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.* Second, Lockett "must show that the deficient performance prejudiced the defense." *Id.* at 687. This requires him to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*

at 694.  The court need not address both components if Lockett makes an insufficient showing on one of the prongs.  *Engelen v. United States,* 68 F.3d 238, 241 (8th Cir. 1995).

Generally, to establish prejudice where a defendant has entered a guilty plea, "the petitioner must show 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'"  *United States v. Frausto*, 754 F.3d 640, 643 (8th Cir. 2014) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).  Here, Lockett makes no assertion that but for his counsel's alleged errors, he would not have entered a guilty plea.  However in some circumstances a defendant who pleads guilty may establish prejudice under the second *Strickland* factor by showing he would have received a lesser sentence absent his counsel's ineffective assistance.  *See Love v. United States*, 949 F.3d 406, 409 (8th Cir. 2020).

I apply *Strickland* to all ineffective assistance of counsel claims raised by Lockett, keeping in mind that he pleaded guilty in the underlying criminal case. "While a guilty plea taken in open court is not invulnerable to collateral attack in a post-conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings."  *Nguyen v. United States,* 114 F.3d 699, 703 (8th Cir. 1997) (cleaned up).

In Ground 3(a), Lockett argues that his counsel was ineffective for failing to file motions, "look into caselaw," or "challenge anything that I told her was incorrect" in the PSR. But his failure to explain what motions he believed should have been filed and "caselaw" he believes should have been investigated or how he was prejudiced by these alleged failures is fatal to this claim. *Dyer v. United States*, 972 F.2d 353, 1992 WL 166497, at *1 (8th Cir. July 21, 1992). General and conclusory allegations are insufficient to support a claim for ineffective assistance of counsel. *See Hill,* 474 U.S. at 60; *Estes v. United States,* 883 F.2d 645, 647 (8th Cir.1989) (conclusory allegation was insufficient to rebut strong presumption of counsel's competence); *Biggs v. United States,* Case No. 1:15CV101 SNLJ, 2015 WL 9258442, at *8 (E.D. Mo. Dec. 18, 2015) (citing *U.S. v. Johnson*, 707 F.2d 317, 320 (8th Cir. 1983)).

This is true because failure to file a pretrial motion does not itself establish ineffective assistance of counsel. *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). To succeed on his claim here, Lockett must prove that the motion was meritorious. *See United States v. Luke*, 686 F.3d 600, 605 (8th Cir. 2012) (citing *Kimmelman*, 477 U.S. 365 at 375). That he cannot do, given that Lockett's case rested on evidence from: (1) a controlled buy of fentanyl involving an undercover detective, (2) a traffic stop where police smelled marijuana and obtained Lockett's consent to search the vehicle, and (3) a residential search warrant where Lockett

14

told the officers where a pound of marijuana and cash could be found in the residence. *See* ECF 85 at 11-13 in Criminal Case No. 4:20 CR 69 CDP. Under these circumstances, any pretrial motions to suppress would not have succeeded. Therefore, counsel was not ineffective for failing to file pretrial motions. *See Anderson v. United States*, 762 F.3d 787, 794 (8 th Cir. 2014) (no ineffective assistance of counsel for failing to file futile motions).

These claims also fail because Lockett knowingly and voluntarily waived his right to file pretrial motions by pleading guilty. Lockett expressly waived his right to file pretrial motions in the Agreement. *See* ECF 43 at ¶ 7(A) in Criminal Case No. 4:20 CR 69 CDP (under the terms of the Agreement, Lockett agreed to "waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea."). And at the change of plea hearing, Lockett confirmed under oath that he voluntarily signed and understood the terms of the Agreement. ECF 85 at 9, 18 in Criminal Case No. 4:20 CR 69 CDP. Lockett also stated under oath that he was satisfied with counsel's representation of him and that counsel did not fail to do anything he asked her to do. *Id.* at 6.

"Solemn declarations in open court carry a strong presumption of verity.'" *Smith v. Lockhart*, 921 F.2d 154, 157 (8th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Lockett's statement under oath at the plea

hearing that counsel did all that he asked her to do precludes his claim that counsel was ineffective for failing to file pretrial motions or research his claims.  *See Jackson v. United States*, Case No. 4:19CV1045 RLW, 2022 WL 4078867, at *7 (E.D. Mo. Sept. 6, 2022) (by pleading guilty, movant waived claim that attorney was ineffective for failing to file pretrial motions); *Adams v. United States*, Case No. 4:11CV1831 ERW, 2012 WL 3765101, at *5-6 (E.D. Mo. Aug. 30, 2012) (where record established that movant made a knowing and voluntary waiver of the right to file pretrial motions, and he had an opportunity to decline to waive his pretrial rights, he could not establish counsel's performance was deficient); *Johnson v. United States,* Case No. 4:10CV1531 CDP, 2011 WL 1559764, at *4 (E.D. Mo. Apr. 25, 2011) (where movant stated under oath at the plea colloquy that he was satisfied with his counsel's performance and she had done everything he had asked her in the course of representation, movant could not contradict that sworn testimony in his § 2255 proceeding by claiming otherwise); *Smith v. United States*, Case No. 4:10CV1155 CDP, 2011 WL 1327421, at *6–8 (E.D. Mo. April 6, 2011) (rejecting a § 2255 movant's claims that plea counsel provided ineffective assistance by failing to move to suppress evidence and get exculpatory evidence from the government, where the movant stated under oath at the plea hearing that counsel did all that the movant wanted him to do).  Lockett's contemporaneous, sworn testimony demonstrates that he agreed with counsel's decision not to file

pretrial motions or research his claims, and he cannot contradict that sworn testimony now by claiming otherwise.

As for his argument regarding factual inaccuracies in the PSR, Lockett did not raise any objections to the factual findings in the PSR either before or at sentencing, despite being given the opportunity to do so, and he cannot be heard to argue otherwise now.  ECF 87 at 3, 15 in Criminal Case No. 4:20 CR 69 CDP.  Moreover, this claim also fails for lack of specificity, as Lockett fails to identify which facts are inaccurate or explain how he was prejudiced by counsel's alleged failure to object to these inaccuracies.  *See Saunders v. United States*, 236 F.3d 950, 953 (8th Cir. 2001) (where motion lacks sufficient specificity to determine whether counsel's performance was deficient or whether movant was prejudiced, movant is entitled to no relief).

For these reasons, Ground 3(a) of Lockett's § 2255 motion is denied.

In Ground 3(b), Lockett claims that counsel was ineffective for "letting him get sentenced as a career offender.  Ground 3(b) is denied as meritless as "counsel's failure to advance a meritless argument cannot constitute ineffective assistance."  *See Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994).  As explained above in connection with Ground One, Lockett *was* a career offender and properly sentenced as such.

In Ground 3(d), Lockett argues that counsel was ineffective for "failing to fight the forfeiture allegation that I didn't agree with." This ineffective assistance of counsel claim is conclusively refuted by the record. Lockett agreed in the Agreement to forfeit "all items seized by law enforcement officials during the course of their investigation." ECF 43 ¶ 8G at 9 in Criminal Case No. 4:20 CR 69 CDP. Lockett further admitted that "all United States currency, weapons, property, and assets seized by law enforcement officials during their investigation constitute the proceeds of Lockett's illegal activity, were commingled with illegal proceeds, or were used to facilitate the illegal activity." *Id.* And, in the "Facts" section of the Agreement, Lockett agreed "not to contest the Forfeiture Allegation in the Indictment." *Id.* at 3.

At the plea colloquy, the Court told Lockett that "you're agreeing to forfeit any property that might have been seized by law enforcement during the investigation. So if they seized any drugs, money, guns or other property, you will not be able to get that back and you're specifically agreeing to forfeit all property mentioned or listed in the Plea Agreement. Do you understand that?" ECF 85 at 18 in Criminal Case No. 4:20 CR 69 CDP. Lockett answered, "Yes, sir." *Id.* Lockett was fully and adequately informed regarding his Agreement and cannot now contradict his own sworn testimony that he agreed to waive any challenges to forfeiture. Under these circumstances, Lockett cannot demonstrate either deficient

performance or the requisite prejudice necessary to prove that his counsel was ineffective for failing to contest forfeiture.  Ground 3(d) of Lockett's § 2255 motion is denied.

Finally, Lockett's argument in Ground 3(e) that counsel was ineffective because she failed to inform the Court that he "signed a plea agreement for 21-27 months" is denied as flatly contradicted by the evidence of record.  As stated above, the Agreement contained no jointly recommended sentence and allowed either party to ask for a sentence above or below the U.S. Sentencing Guidelines Range.  ECF 43 ¶ 2 at 2 in Criminal Case No. 4:20 CR 69 CDP.   Moreover, the Agreement specifically contemplated that Lockett could be considered a career offender and stated that such a finding would affect the estimated total offense level.  ECF 43 at ¶ 6 (C) at 6 in Criminal Case No. 4:20 CR 69 CDP.

The provisions of the Agreement, including those related to Lockett's potential career offender status, were discussed at the change of plea hearing, where Lockett testified under oath that he had reviewed and understood the Agreement.  ECF 85 at 6-9 in Criminal Case No. 4:20 CR 69 CDP.  Lockett confirmed that there were "no promises made to [him] or agreements entered into by you related to your guilty plea that aren't written down in this document [the plea]."  *Id.* at 9.  When discussing the sentencing guidelines, Lockett's counsel stated: "Obviously, the Defendant is aware that based upon criminal history, he

may be subject to being a Career Offender, and we reserve that particular right to challenge that, and both parties reserve the right to argue whether he is or is not a Career Offender." *Id.* at 15.  Given that Lockett did not have a plea agreement recommending a sentence of 21-27 months, counsel could not be ineffective as a matter of law for failing to make such an argument to the Court.  *See Rodriguez*, 17 F.3d at 226.  Ground 3(e) of Lockett's § 2255 motion is denied.

Because Lockett has not demonstrated either deficient performance or requisite prejudice, Grounds 3(a), (b), (d), and (e) fail as a matter of law.

### Ground 3(c): Ineffective Assistance of Counsel For Failure to File Direct Appeal

Lockett's remaining ineffective assistance of counsel claim is that counsel refused to file a direct appeal on his behalf after being instructed by Lockett to do so (Ground 3(c)).  Lockett's verified motion states several times that his attorney "refused" to file an appeal on his behalf and that she advised him that he should not appeal.  ECF 7.  Counsel filed an affidavit responding to the allegations confirming that she informed Lockett that, because of the appeal waiver in the Agreement, an appeal in his case could breach the Agreement and result in the Court ultimately imposing a higher sentence.   ECF 19.  Counsel also testified that Lockett did not request an appeal of his sentence after imposition of sentence. ECF 19.  Counsel's affidavit is consistent with the Notice of Compliance with Local Rule 12.07(A) filed in this case and signed by counsel stating that "defense

counsel has explained to defendant his/her right to appeal and defendant has not requested that counsel file a Notice of Appeal."  ECF 79.

"An attorney's failure to file a notice of appeal upon the client's request constitutes ineffective assistance of counsel, and no specific showing of prejudice is required."  *United States v. Sellner*, 733 F.3d 927, 930 (8th Cir. 2014).  To succeed on this claim, Lockett must demonstrate that he instructed his attorney to file an appeal.  *Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000) ("A bare assertion by the petitioner that he made a request is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary proposition.") (cleaned up).

"When a district court receives conflicting statements—one from a § 2255 petitioner and one from his former counsel—the court cannot make a factual determination based on the relative credibility of these individuals without the benefit of an evidentiary hearing.  If neither statement is facially incredible and both contain similar specificity regarding when the alleged appeal-request conversations took place (or did not take place), counsel's contrary statement simply is insufficient to support a finding that the petitioner's allegations cannot be accepted as true."  *Witthar v. U.S.*, 793 F.3d 920, 923–24 (8th Cir. 2015) (cleaned up).

Given the nature of Lockett's allegation and the conflicting statements submitted by both Lockett and his attorney, the Court must hold an evidentiary hearing to decide <u>only</u> this claim.  The Court will appoint counsel to represent Lockett at the evidentiary hearing.  **<u>The Court will not hear evidence or argument on any other claims.  Counsel is not appointed to represent Lockett on any issue other than the issue of whether counsel refused to file an appeal when requested, and any request made of counsel to investigate or present evidence on issues outside of this claim is beyond the scope of appointment. No additional briefing is required or permitted.</u>**

After counsel is appointed, the Court will hold a telephone scheduling conference with counsel only to select a hearing date and discuss any discovery issues in connection with this claim.  Lockett will be required to appear in person and testify at the evidentiary hearing.  Although trial counsel has testified by affidavit in this case, ECF 19, given that I was not the presiding judge for the guilty plea or sentencing hearings, it would be beneficial to the Court if counsel testified in person.  No additional witnesses will be permitted to testify absent leave of court requested by written motion in advance of the hearing.  Any such motion must describe generally the nature of the expected testimony and its relevance to the sole issue before the Court – namely, whether trial counsel refused to file a direct appeal on behalf of Lockett after being requested to do so.

Accordingly,

**IT IS HEREBY ORDERED** that Grounds 1, 2, and 3(a), (b), (d), and (e)

of the Motion and Amended Motion to Vacate, Set Aside or Correct Sentence

pursuant to 28 U.S.C. § 2255 [1, 7] are denied.

Ground 3(c) will be set for evidentiary hearing by separate Order,

Counsel will be appointed, and a telephone scheduling conference will be set

by separate order.


_____

CATHERINE D. PERRY

UNITED STATES DISTRICT JUDGE

Dated this 20th day of September, 2024.